IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LORI L. OAKES, | § | |
| *Plaintiff*, | § § § | SA-18-CV-01034-XR |
| vs. | § § | |
| CITY OF SAN ANTONIO, | § § | |
| *Defendant.* | § § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this report and recommendation under 28 U.S.C. § 636(b)(1)(B). By her motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on her inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the undersigned recommends that the motion to proceed IFP be granted, but that Plaintiff's complaint be dismissed as frivolous under 28 U.S.C. § 1915(e).

**I. Analysis**

**A.      Plaintiff's motion to proceed IFP should be granted.**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of *habeas corpus*, must pay a filing fee of $350, as well as

1

an administrative fee.[1]  *See* 28 U.S.C. § 1941(a).  When faced with a request to proceed IFP, courts must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).  The district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees.  *Wickerham v. Waterman*, No. SA-14-CA-766-XR, 2014 WL 5469816, at *4 (W.D. Tex. Oct. 28, 2014) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)).

Plaintiff's motion to proceed IFP includes her income and asset information, which indicates that Plaintiff is unemployed and does not have any money in a checking or savings account.  (Pl.'s Mot. [#1] at 1–2.)  Plaintiff states that she received an unspecified amount of financial assistance from a Mr. Manuel Hernandez, Jr., but that she has since depleted her bank account.  Plaintiff lists no other sources of income or assets.  This information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the undersigned recommends that Plaintiff's motion to proceed IFP be granted.

**B.      Plaintiff's complaint should be dismissed as frivolous.**

Even if a litigant qualifies for IFP status, the court must dismiss the case if the court determines that "the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  "[A] complaint . . . is frivolous when it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law if it is based on "an indisputably meritless legal theory."  *Harper v. Showers*, 174

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule*, available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

F.3d 716, 718 (5th Cir. 1999). A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

The Supreme Court has explained that Section 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. The court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). The Court now undertakes its review of Plaintiff's complaint under Section 1915(e).

Plaintiff's complaint is frivolous as a matter of law. Plaintiff sues the City of San Antonio for fraudulent use or possession of identifying information in violation of Texas Penal Code § 32.51.[2] (Compl. [#1-1] at 2.) But Section 32.51 is a penal statute, for which no private right of action exists. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding that a private citizen lacks a judicially cognizable interest in the prosecution of another); *Carpenter v. Arredondo*, No. SA-16-CV-188-XR, 2017 WL 1424334, at *2 (W.D. Tex. Apr. 10, 2017), *appeal dismissed*, 714 Fed. App'x 416 (5th Cir. 2018) (stating that private citizens generally lack standing to bring claims under the criminal laws). Only the government may prosecute a defendant for this alleged crime.

In addition, Plaintiff has sued the wrong defendant in the wrong court. Plaintiff alleges that her $499 security deposit was unlawfully withheld from her upon her vacancy of an

---

[2] The complaint claims that Defendant fraudulently used or possessed identifying information in violation of Section 32.57 of the Texas Penal Code. But there is no Section 32.57 in the Texas Penal Code. The Court assumes that Plaintiff intended to allege a violation of Section 32.51, which makes it a crime to fraudulently use or possess identifying information.

3

apartment in San Antonio. (Compl. at 3.) Plaintiff should have sued her former landlord in state court, not the City of San Antonio in federal court. This Court has no jurisdiction over state-law disputes between a Texas landlord and his or her Texas tenants. *See* 28 U.S.C. §§ 1331, 1332. And, to the extent that Plaintiff is claiming that her former landlord has refused to return her security deposit without a valid reason, Plaintiff should have brought an action under Sections 92.101–92.109 of the Texas Property Code.

## II. Conclusion and Recommendation

For the reasons set forth above, the undersigned recommends that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] be **GRANTED,** but that Plaintiff's Complaint [#1-1] be **DISMISSED** as frivolous under § 1915(e).

## III. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52

(1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of October, 2018.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE